[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Cynthia Vonluehrte appeals from her conviction, following a bench trial, for passing a bad check in violation of R.C. 2913.11(A), a felony of the fifth degree. In her sole assignment of error, Vonluehrte attacks the sufficiency and the weight of the evidence to support the conviction.
 {¶ 3} To reverse on a claim of insufficient evidence, this court must conclude, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1]
With respect to the sufficiency of the evidence, questions regarding the credibility of witnesses are left to the trier of fact.[2] To reverse on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
 {¶ 4} R.C. 2913.11(A) provides that "no person, with purpose to defraud, shall issue * * * a check * * * knowing that it will be dishonored." Vonluehrte does not dispute that (1) she had issued a check dated January 26, 2002, in the amount of $1000, to her divorce attorney, the victim in this case, in order to retain her legal services; (2) that there had been insufficient funds in her bank account to cover the check; (3) that a notice of dishonor had been sent to her; and (4) that she had failed to honor the check within ten days of her receipt of the notice of dishonor. Vonluehrte, however, does dispute the trial court's finding that she intended to defraud the victim.
 {¶ 5} Vonluehrte testified at trial that she had told the victim, Dayle Donithan, not to deposit the check until at least February 11, 2002, because there were no funds in her checking account. Donithan testified that Vonluehrte had told her not to cash the check until January 29, 2002, three days from the date on the check. The record shows that Donithan deposited the check on January 29, 2002. With respect to the conflicting testimony, the trier of fact had the discretion to believe that one party's testimony was more credible. Further, the record demonstrates that Vonluehrte had maintained a negative balance in her checking account from mid-December 2001 until the account was closed on February 1, 2002 and had known that fifteen of her previous checks issued to others had been dishonored for insufficient funds prior to the $1000 check given to Donithan.
 {¶ 6} Under these circumstances, we hold that there was sufficient evidence to support the element of intent to defraud beyond a reasonable doubt. Accordingly, we hold that Vonluehrte's conviction for passing a bad check was supported by sufficient evidence and was not against the weight of the evidence. The single assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541;State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
[3] State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.